UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOEL CARDENAS,<br><br>　　　　　　　　Petitioner,<br>　　v.<br>ACTING WARDEN, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:15-cv-00476-MMD-VPC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

Petitioner has filed a motion to proceed *in forma pauperis*. (Dkt. no. 1). Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted. The petition will now be filed and served on respondents.

Petitioner has filed a motion for the appointment of counsel. (Dkt. no. 1-2). Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is sufficiently clear in presenting the issues that

petitioner wishes to bring. The issues in this case are not complex. Petitioner's motion for the appointment of counsel is denied.

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is granted.

It is further ordered that the Clerk file and electronically serve the petition (dkt. no. 1-1) upon the respondents.

It is further ordered that the Clerk of Court separately file the motion for appointment of counsel, which is attached to the application to proceed *in forma pauperis*.

It is further ordered that petitioner's motion for the appointment of counsel is denied.

It is further ordered that respondents will have forty-five (45) days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents must address all claims presented in the petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If an answer is filed, respondents must comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner will have forty-five (45) days from the date of service of the answer to file a reply.

It is further ordered that any state court record exhibits filed by respondents must be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits must be forwarded, for this case, to the staff attorneys in the Reno Division of the Clerk of Court. The hard copy of all exhibits submitted to the Court must be tabbed and must be bound along the top edge of the pages.

It is further ordered that, henceforth, petitioner must serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner must include with the original paper

1  submitted for filing a certificate stating the date that a true and correct copy of the
2  document was mailed to the Attorney General. The Court may disregard any paper that
3  does not include a certificate of service. After respondents appear in this action, petitioner
4  must make such service upon the particular Deputy Attorney General assigned to the
5  case.

6  DATED THIS 21st day of April 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3