UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOEL CARDENAS,<br><br>                      Petitioner,<br>    v.<br>ACTING WARDEN, *et al.*,<br><br>                      Respondents. | Case No. 3:15-cv-00476-MMD-VPC<br><br>ORDER |

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' unopposed motion to dismiss (ECF No. 11). Respondents contend that twenty-three grounds or subparts of grounds are unexhausted and that Ground 3(g) is procedurally defaulted.

**I.    BACKGROUND**

Petitioner Joel Cardenas challenges his Nevada state conviction, pursuant to a jury verdict, of sexual assault. He is sentenced on this conviction to life with the possibility of parole after a minimum of ten years has been served, along with a special sentence of lifetime supervision and a requirement that he register as a sexual offender. Petitioner challenged his conviction on direct appeal and in a timely state post-conviction petition. He was represented by counsel on direct appeal, and counsel also was appointed during state post-conviction review both for the state district court proceedings and on the post-conviction appeal.

## II. DISCUSSION

### A. Failure to Oppose Motion

Under Local Rule LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion [with exceptions not applicable here] shall constitute a consent to the granting of the motion." When an opposing party receives notice and is given sufficient time to respond to a motion to dismiss, a district court does not abuse its discretion in granting the motion based on failure to comply with a local rule. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995). Before dismissing a case for failing to follow local rules, the district court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986).

In the present case, petitioner was given appropriate notice of respondents' motion to dismiss; and he has had ample time to respond to the motion to dismiss, which has been pending for over a year. The Court has weighed the above factors. It finds that the public's interest in expeditious resolution of litigation, particularly litigation involving the validity of state criminal judgments, as well as the Court's need to manage its docket, outweigh the risk of prejudice and the remaining factors. The motion to dismiss therefore will be granted in the first instance due to petitioner's failure to respond to the motion under the local rule, with the exception discussed *infra* based upon the Court's independent review of the motion.

### B. Exhaustion

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*,

329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which he relies and must also state the facts that entitle him to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), and following cases, a mixed petition presenting unexhausted claims must be dismissed unless the petitioner dismisses the unexhausted claims and/or seeks other appropriate relief, such as a stay to return to the state courts to exhaust the claims.

Following an independent review of petitioner's state court briefing and the orders of affirmance on the direct appeal and state post-conviction appeal,[1] the Court is persuaded that federal Grounds 1, 2(a) through 2(e), 2(g) through 2(l), 3(a), 3(b), 3(d), 3(e), 3(f), 3(h) through 3(k), 4 and 5 were neither fairly presented to nor actually considered on the merits by the Supreme Court of Nevada. These claims therefore are unexhausted.

The Court is not persuaded, however, that Ground 3(c), which pertains to polygraph examinations of petitioner and the victim, is unexhausted.

On the post-conviction appeal, petitioner contended that he was denied effective assistance of counsel when trial counsel stipulated to the admission of polygraph test results and interviews of petitioner and the victim. He alleged, *inter alia*, that: (1) "Trial Counsel allowed his client to undergo a polygraph examination thereby waiving his Miranda Rights and then stipulated that the entire interview and the results be admitted

---

[1] *See* ECF Nos. 12-6, 12-7, 12-14 and 13.

into evidence;" (2) "[t]here was absolutely no reason for Trial Counsel to allow his client to undergo a polygraph examination in this case and to stipulate that both interviews and test results be admitted into evidence;" (3) "[t]he jury should have never heard that Appellant had failed a polygraph examination and or what the Appellant said during the interview that accompanied the polygraph examination;" and (5) "there was a reasonable probability of a different outcome but for Trial Counsel's decision to stipulate to allow the polygraph interviews and test results of Appellant and the alleged victim to be admitted into evidence at trial." (ECF No. 12-14 at 22-23.)[2]

In federal Ground 3(c), petitioner alleges that he was denied effective assistance of trial counsel because counsel "failed to object to the introduction of polygraph results and post examination statements." (ECF No. 4 at 9.) This articulation of the same basic claim neither fundamentally alters the exhausted claim nor places it in a different and significantly stronger evidentiary posture than when it was presented to the state supreme court. *See generally Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (*en banc*) (allegedly new factual allegations do not render a claim unexhausted if the allegations do not fundamentally alter the legal claim considered by the state courts or place the case in a significantly different and stronger evidentiary posture than when the state courts considered the claim). The difference between "stipulating to admission" and "failing to object to admission" is not substantial. In both the state and federal claims, petitioner essentially alleges that trial counsel was ineffective for allowing the evidence to be presented to the jury without a defense objection. Ground 3(c) therefore is exhausted.[3]

---

[2] All page citations are to the page number in the electronic header generated by CM/ECF rather than to any internal page numbering in the original document.

[3] Grounds 3(b), 3(d) and 3(f) also concern the polygraph examinations, either in full or at least in part. These claims, however, fundamentally alter the legal claim presented to the state supreme court and/or place the claim in a significantly different and stronger evidentiary posture than when the state supreme court considered the claim.

In Ground 3(b), petitioner alleges that counsel "coerced petitioner into taking [the] polygraph examination while he was under heavy psychiatric medication, stating *(fn. cont...)*

## C. Procedural Default

Respondents contend that Ground 3(g) is procedurally defaulted because the state supreme court declined to consider the claim in the first instance on the state post-conviction appeal because petitioner did not raise the claim in the state district court. (*See* ECF No. 13 at 2.)

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law procedural ground. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred on claims rejected on an independent and adequate state law ground unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g., Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

---

*(…fn. cont.)*
petitioner would possibly be released afterwards." (ECF No. 4, at 9.) Nothing in the claim presented to the state high court alleged that counsel coerced petitioner, that petitioner was under heavy psychiatric medication, or that counsel induced petitioner to take the examination because it could lead to his release. All such allegations fundamentally alter the claim and/or would seek to materially strengthen and change the factual basis for the claim.

In Ground 3(d), petitioner alleges that counsel "failed to move for suppression of [the] polygraph results and post examination statements [after] . . . Petitioner informed counsel that he did not sign any stipulation agreement, was under heavy psychotic medication at the time and his Miranda rights were not read to him before post examination." (ECF No. 4 at 9.) These allegations were not presented to the state supreme court and would fundamentally alter and/or materially strengthen the claim. With regard to *Miranda* warnings in particular, the claim in the state supreme court alleged that counsel thereby allowed petitioner to waive his *Miranda* rights, not that the *Miranda* warnings were not given in the first instance.

In Ground 3(f), petitioner alleges that counsel failed to object to prosecutorial misconduct, including, *inter alia*, "the introduction of [the] polygraph exam results and post examination statements without a signed stipulation agreement by petitioner [and despite] the violation of state law [in] NRS 171.1228 by requesting [the] victim to take the polygraph examination." (ECF No. 4 at 10.) Nothing in the state court claim alleged prosecutorial misconduct in presenting the evidence, that petitioner did not sign an allegedly required stipulation to take the examination, or that state law was violated with respect to the victim's polygraph examination. These allegations would fundamentally alter and/or materially strengthen the claim presented to the state supreme court.

Grounds 3(b), 3(d) and 3(f) therefore are unexhausted.

5

To demonstrate cause, the petitioner must establish that some external and objective factor impeded his efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate prejudice, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494.

Petitioner, who has not opposed respondents' motion, has not presented legal and/or factual argument seeking to establish that the rule in question is not a state procedural bar in the first instance, that the rule does not constitute an independent and adequate state procedural ground, that he can demonstrate cause and prejudice to overcome the procedural default,[4] and/or that he can demonstrate a fundamental miscarriage of justice based upon a sufficient showing of actual innocence. The petitioner has an initial burden to place the independence and adequacy of the state procedural ground at issue once the defense is raised by the respondents, *Bennet*, 322 F.3d at 584-86; and he otherwise has the burden of establishing cause and prejudice and/or actual innocence. Accordingly, on the showing and arguments made, the Court holds that Ground 3(g) is procedurally defaulted.

## III. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 11) is granted in part and denied in part, such that: (a) the Court holds that Ground 3(c) is exhausted;[5] (b) the Court holds that Grounds 1, 2(a), 2(b), 2(c), 2(d), 2(e), 2(g), 2(h), 2(i), 2(j), 2(k), 2(l), 3(a), 3(b), 3(d), 3(e), 3(f), 3(h), 3(j), 3(k), 4 and 5 are unexhausted; and (c) Ground 3(g) is dismissed with prejudice as procedurally defaulted.

///

---

[4]Petitioner was represented by appointed counsel in the district court in the state post-conviction proceedings. He accordingly cannot demonstrate cause on a *per se* basis under *Martinez v. Ryan*, 566 U.S. 1 (2012), based upon not having counsel.

[5]Respondents have not challenged the exhaustion of Ground 2(f) and Ground 3(i).

It is further ordered that petitioner will have thirty (30) days from entry of this order within which to dispatch to the Clerk for filing either: (1) a motion to dismiss seeking partial dismissal only of the unexhausted claims listed in the preceding paragraph; (2) a motion to dismiss the entire petition; and/or (3) a motion for other appropriate relief, such as a motion for a stay and abeyance asking the Court to hold his petition in abeyance while he returns to state court to exhaust the unexhausted claims. If petitioner files a motion for partial dismissal only of the unexhausted claims, he must repeat the list of the unexhausted claims set forth in the preceding paragraph verbatim in his motion to dismiss in order to clearly identify the claims as to which he seeks dismissal.

The entire petition will be dismissed without further advance notice for lack of complete exhaustion if petitioner does not timely file an appropriate motion in response to this order. Thus, if petitioner does nothing, the entire petition will be dismissed without further advance notice.

DATED THIS 11th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE