UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOEL CARDENAS,<br><br>                      Petitioner,<br>    v.<br><br>DWIGHT NEVEN, *et al.*,<br><br>                      Respondents. | Case No. 3:15-cv-00476-MMD-VPC<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on petitioner's motion to stay (ECF No. 15) and motion for appointment of counsel (ECF No. 17).

Petitioner commenced this action with the filing of his petition and a motion for appointment of counsel in September 2015. The Court denied the motion for appointment of counsel and directed the respondents to file a response to the petition. On August 4, 2016, respondents filed a motion to dismiss. Petitioner did not oppose. On December 11, 2017, the Court granted the motion to dismiss in part, finding most of the petitioner's claims to be unexhausted. (ECF No. 14.) As the petition was mixed, it was therefore subject to dismissal pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). The Court directed petitioner to either (1) abandon his unexhausted claims; (2) move for dismissal of the entire petition so he could return to state court to exhaust his unexhausted claims; or (3) file another appropriate motion, such as a motion to stay and abey. Petitioner has elected to seek from

///

///

this Court a stay and abeyance. (ECF No. 15.) He also again seeks appointment of counsel. (ECF No. 17.)

**I.     Appointment of Counsel**

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition in this case is sufficiently clear in presenting the issues that petitioner wishes to raise, and the issues are not complex. Therefore, counsel is not justified, and the motion for appointment of counsel will again be denied.

**II.    Motion for Stay and Abeyance**

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner

///

2

had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust his claims in state court. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Petitioner asserts that he did not exhaust all his claims in state court because appointed counsel refused to do so. (ECF No. 15 at 2.) Petitioner further asserts that counsel told him he could still present his claims in federal court even if they were not exhausted. (*Id.* at 3.) However, petitioner does not allege that post-conviction counsel was ineffective for failing to raise the unexhausted claims and has not presented any information that would allow the Court to evaluate whether he has colorable claim of ineffective assistance of post-conviction counsel for such failure. Further, while it is perhaps possible that some of petitioner's unexhausted claims are potentially meritorious, the Court lacks sufficient information to make such a determination. Accordingly, petitioner has not demonstrated any basis for granting a stay and abeyance in this case, and the request must be denied.

In accordance with the foregoing, it is therefore ordered that petitioner's motion for appointment of counsel (ECF No. 17) is denied.

It is further ordered that petitioner's motion for stay and abeyance (ECF No. 15) is denied.

It is further ordered that petitioner shall, within thirty (30) days of the date of this order, mail to the Clerk for filing either a: (1) a motion to dismiss seeking partial dismissal of only the unexhausted claims; or (2) a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims. The entire
///

petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

DATED THIS 12th day of April 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE