UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOEL CARDENAS,<br><br>Petitioner,<br>v.<br>DWIGHT NEVEN, et al.,<br><br>Respondents. | Case No. 3:15-cv-00476-MMD-VPC<br><br>ORDER |

On April 12, 2018, the Court entered an order denying the petitioner's motion for appointment of counsel and motion to stay. (ECF No. 18.) Upon further consideration, the Court *sua sponte* reconsiders its decision to deny petitioner's motion for appointment of counsel and will instead grant petitioner's motion.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

The Court concludes that appointment of counsel is justified based on, *inter alia*, petitioner's lengthy sentence (10 years to life), the potentially meritorious issues presented in the petition, and petitioner's allegation that he has been on heavy doses of psychiatric medication. Accordingly, that part of the Court's order denying petitioner's motion for appointment of counsel (ECF No. 18) will be vacated, and the motion for appointment of counsel (ECF No. 17) will be granted.

It is therefore ordered that that part of the Court's April 12, 2018, order (ECF No. 18) denying petitioner's motion for appointment of counsel is vacated.

It is further ordered that petitioner's motion for appointment of counsel (ECF No. 17) is granted. Counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It further is ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately ninety (90) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk will send a copy of this order to the Federal Public Defender and the CJA Coordinator for this division.

It is further ordered that nothing in the Court's order of April 12, 2018, will prevent counsel for petitioner from filing a renewed motion to stay at any point in these proceedings.

It is further ordered that petitioner will not at this time be required to file any motion in compliance with the Court's April 12, 2018 order.

DATED THIS 17th day of April 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE