UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOEL CARDENAS,

        Petitioner,

v.

DWIGHT NEVEN, *et al.*,

        Respondents.

Case No. 3:15-cv-00476-MMD-CBC

ORDER

**I. SUMMARY**

Petitioner Joel Cardenas is an incarcerated person who, with the assistance of counsel, has brought this habeas corpus proceeding under 28 U.S.C. § 2254. Currently before the Court is Respondents' Motion to Dismiss ("Motion") (ECF No. 43). Cardenas has opposed (ECF No. 53), and Respondents have replied (ECF No. 55). For the reasons discussed below, the Court grants in part and denies in part Respondents' Motion and *sua sponte* stays this case while Cardenas exhausts his state remedies.

**II. BACKGROUND**[1]

Cardenas challenges a conviction and sentence imposed by the Fifth Judicial District Court for Nye County ("state court"). Following a four-day trial, a jury found him guilty of sexual assault. (ECF No. 45-72 (Ex. 145).) On May 17, 2011, the state court entered a judgment of conviction sentencing Cardenas to life with the possibility of parole after a minimum 10-year term. (*Id.*) Cardenas appealed. On April 11, 2012, the Nevada Supreme Court affirmed the conviction on direct appeal. (ECF No. 46-23 (Ex. 171).)

Cardenas filed a *pro se* state petition for writ of habeas corpus ("state petition") on May 30, 2012, seeking post-conviction relief. (ECF No. 46-32 (Ex. 180).) The state petition

---

[1] This procedural history is derived from the exhibits located at ECF Nos. 40 and 44 through 47 on the Court's docket.

was denied, and Cardenas appealed. The Nevada Supreme Court reversed and remanded, finding that the state court erred in denying the state petition without appointing counsel. (ECF No. 46-53 (Ex. 201).) Upon remand, counsel was appointed and Cardenas filed a counseled supplement to the state petition. (ECF No. 46-58 (Ex. 206).) The state court later denied the supplemental state petition. Cardenas appealed. The Nevada Supreme Court affirmed the state court's denial of relief. (ECF No. 47-16 (Ex. 224).) A remittitur issued on February 11, 2015. (ECF No. 47-18 (Ex. 226).)

On September 17, 2015, Cardenas initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) In April 2016, the Court granted his application to proceed *in forma pauperis* and ordered the Clerk of Court to electronically serve the *pro se* petition for writ of habeas corpus (ECF No. 4) ("Petition") on Respondents. (ECF No. 3.) The Court later appointed counsel to represent Cardenas and granted him leave to amend the petition. (ECF No. 19.) He filed a counseled First Amended Petition for Writ of Habeas Corpus (ECF No. 39) (Amended Petition") on March 22, 2019, alleging seven grounds for relief under the United States Constitution.

The Amended Petition notes that two claims—Grounds 2 and 3—are unexhausted. (*Id.* at 17-24.) However, Cardenas filed a new state petition (Ex. 231, ECF No. 47-23) ("2019 state petition") on May 10, 2019, to exhaust Grounds 2 and 3. Litigation of the 2019 state petition remains ongoing before the state court and/or the Nevada appellate courts.

**III. DISCUSSION**

    **A. Exhaustion**

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *E.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 844-45 (1999)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844-45. A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)). Fair presentation therefore requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The mere citation of case law does not exhaust a claim. *Id.* at 1003.

### 1. Grounds 2 and 3

Ground 2 alleges that "[t]rial counsel was ineffective for failing to move to strike a juror who admitted a personal relationship with the victim, in violation of the Sixth and Fourteenth Amendments." (ECF No. 39 at 17–19.) Ground 3 alleges that "Cardenas's constitutional right to secured autonomy was violated when trial counsel contradicted Cardenas's defense, and effectively conceded guilt, in opening and closing arguments, in violation of the Sixth and Fourteenth Amendments." (*Id.* at 19–24.)

Ground 3 is based on a new rule of law announced in *McCoy v. Louisiana*, --- U.S. ----, 138 S. Ct. 1500 (2018). In *McCoy*, the United States Supreme Court held that, "[w]hen a client expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *Id.* at 1509 (emphasis added in *McCoy*).

Respondents' Motion asserts that Grounds 2 and 3 should be dismissed as unexhausted. However, Cardenas is in the process of exhausting these two grounds. As discussed further below, the Court will *sua sponte* stay this action to allow him to exhaust his state-court remedies.

### 2. Ground 6

Ground 6 alleges that "[c]ounsel for the State of Nevada committed prosecutorial

misconduct in its closing argument by arguing to the jury that the defense's alcohol expert did not examine the victim, in violation of the Fifth, Sixth and Fourteenth Amendments." (ECF No. 39 at 30.)

Respondents' Motion contends that, although Cardenas raised a similar claim on direct appeal, Ground 6 is unexhausted because he failed to federalize his claim. (ECF No. 43 at 6-7.) They contend that Cardenas's direct appeal brief did not cite to any federal case law or constitutional amendment to support his claim and thus failed to alert the Nevada Supreme Court of an alleged violation under the United States Constitution.

Cardenas responds that he fairly presented his claim because his brief stated: "In the *United States*, the accused, whether guilty or innocent, is entitled to a fair trial . . ." (Ex. 155, ECF No. 46-07 at 12 (citing *Weakland v. State*, 96 Nev. 699, 701 (1980) (emphasis added).) By referring to the "United States," Cardenas asserts that he signaled to the Nevada Supreme Court that his claim involved a federal right, not one available only in Nevada. In addition, Cardenas points to his citation of *Pacheco v. State*, 82 Nev. 172 (1966), which relied on *Berger v. United States*, 295 U.S. 78, 88 (1935), in discussing the prejudice of prosecutorial misconduct in closing.

Respondents reply that a general reference to the "United States" is insufficient to fairly present a federal claim because petitioners must reference specific constitutional provisions, federal statutes, or federal cases to exhaust their claims. (ECF No. 55 at 3.) Respondents maintain that Cardenas's citation only to state law cases and general references to a "fair trial" shows his claim was limited to Nevada law.

The Court finds that Ground 6 is not exhausted. Cardenas's opening brief argued and cited case law from Nevada, Hawaii, California, and Idaho to support his claim of prosecutorial misconduct. (ECF No. 46-07 at 12-14.) Both state and federal criminal convictions are reversed for non-constitutional as well as constitutional error. And with regard to prosecutorial misconduct, both state and federal courts monitor prosecutors' conduct as an exercise of supervisory power that is broader than review for constitutional error. *See*, *e.g.*, *Donnelly v. DeChritoforo*, 416 U.S. 637, 642 (1974); *Weakland*, 96 Nev.

at 701 (noting that the Nevada Supreme Court has established guidelines in the exercise of its discretion as part of its "supervisory function … in maintaining the standards of the trial bench and bar, to the end that all defendants will be accorded a fair trial") (quoting *Garner v. State*, 78 Nev. 366, 375 (1962)). Because Nevada prisoners may bring claims of prosecutorial misconduct based on the appellate courts' supervisory power, a singular reference to the "United States" in Cardenas's opening brief was insufficient to alert the Nevada Supreme Court to an underlying constitutional theory.

Likewise, Cardenas's citation to *Pacheco* did not alert the Nevada Supreme Court to a federal issue. For exhaustion purposes, citation to a Nevada case "analyzing a federal constitutional issue serves the same purpose as citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). However, the Nevada case

> citation must be accompanied by some clear indication that the case involves federal issues. Where . . . the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014) (quoting *Casey v. Moore,* 386 F.3d 896, 912 n.13 (9th Cir. 2004)). Cardenas's reliance on *Pacheco* and *Berger* is misplaced. Although *Berger* discusses prosecutorial responsibility and misconduct, nothing in the opinion reflects that the Supreme Court was articulating a constitutional standard. Rather, the decision reversed a federal conviction without expressly articulating a constitutional basis for the reversal. *See Berger*, 295 U.S. at 88. This Court has repeatedly noted that *Berger* overturned a federal criminal conviction under the courts' supervisory authority—not a constitutional standard applicable to habeas review. *E.g.*, *Smith v. Baca*, 3:14-cv-512-MMD-CLB, 2020 WL 376651, at *9 n.8 (D. Nev. Jan. 23, 2020); *Kieren v. Nevada Atty. Gen.*, 3:07-cv-341-LRH-WGC, 2010 WL 1049288, at *5–6 (D. Nev. Mar. 18, 2010). Because *Pacheco* and *Berger* do not give a clear indication of federal constitutional issues, Cardenas's citation to these cases did not fairly present a federal claim to the Nevada Supreme Court, and Ground 6 is not exhausted.

## B. Relation Back

In ordinary civil proceedings, the Federal Rules of Civil Procedure[2] require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). A pleading must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quotation omitted). In federal habeas proceedings, Habeas Rule 2(c) "requires a more detailed statement," as it "instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 649 (2005).

Congress has authorized amendments to habeas petitions consistent with the Federal Rules. *Id.* (citing 28 U.S.C. § 2242). Under Rule 15, an amendment filed after the statute of limitations has expired properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c). For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659. New claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Id.* at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It is not enough that the new argument pertains to the same trial, conviction, or sentence."). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.

### 1. Ground 3

Respondents' Motion argues that the allegations in Ground 3 do not share a common core with the Petition. Ground 3 is based on a new rule of law announced in

---

[2]All references to a "Rule" or the "Rules" in this order refer to the Federal Rules of Civil Procedure. References to a "Habeas Rule" or the "Habeas Rules" denote the Rules Governing Section 2254 Cases in the United States District Courts.

6

*McCoy*, which was decided on May 14, 2018. The Amended Petition was filed on March 22, 2019. Because Ground 3 was filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court," 28 U.S.C. § 2244(d)(1)(C), it is timely under AEDPA.[3] *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (explaining that, under § 2244(d)(1)(C), the start date of the one-year period is the date that the Supreme Court initially recognizes the new constitutional right, not the date that right is determined to apply retroactively). The Motion is denied as to Ground 3.

### 2. Grounds 5 and 7

Ground 5 alleges that "[t]rial counsel was ineffective for stipulating to the admission of evidence that appellant fled the jurisdiction to avoid trial, in violation of the Sixth and Fourteenth Amendments." (ECF No. 39 at 28–29.) Ground 7 alleges that the state court "violated Cardenas's right to an impartial jury by denying his motion for mistrial after improper, extrinsic communications with jurors, in violation of the Sixth and Fourteenth Amendments." (*Id.* at 32-33.)

Respondents contend that the Petition only addressed trial counsel's stipulation to admit the polygraph results, not to evidence that Cardenas fled the jurisdiction as alleged in Ground 5. (ECF No. 43 at 11.) They further argue that the Petition alleged one jury issue regarding a juror admitting to a personal relationship with the victim, not that a spectator's communications with a juror should have resulted in a mistrial as alleged in Ground 7. Respondents thus assert that Grounds 5 and 7 of the Amended Petition do not relate back to the Petition and should be dismissed as untimely.

Cardenas responds that this Court should find that Grounds 5 and 7 relate back to the Petition because these claims were argued in his direct appeal and post-conviction appeal and Cardenas attached multiple orders by the state court and Nevada Supreme Court ("state orders") to his Petition addressing these claims. (ECF No. 53 at 5-16.)

---

[3]The Court notes that the Supreme Court has yet to decide whether *McCoy* is retroactive on collateral review. Although this may affect the Court's determination of the merits of Ground 3, it does not affect the timeliness of the claim.

7

Cardenas argues that by attaching the state orders to his Petition, he made the documents part of his Petition to provide operative facts and legal claims. (*Id.* at 8-9 (citing Fed. R. Civ. P. 10(c)).[4]) He further notes that the availability of relation back under these circumstances is currently pending before the Ninth Circuit en banc. *See Ross v. Williams*, 920 F.3d 1222 (9th Cir. Apr. 16, 2019) (granting rehearing en banc and proscribing citation to the three-judge panel disposition "as precedent by or to any court of the Ninth Circuit").[5] Because the en banc opinion will directly impact the relation back analysis here, Cardenas asks the Court to defer its decision on Respondents' Motion until *Ross* is decided.

Respondents reply does not address *Ross*. (ECF No. 55 at 1–2.) However, they maintain that attaching the state orders to the Petition was insufficient to incorporate the issues addressed therein because Habeas Rule 4 requires factual allegations and legal theories to be presented within the four corners of a petition. They argue that federal courts must determine whether a petition states sufficient facts solely from the face of the petition and that attaching the state orders did not make its contents a part of the *pro se* petition. Because this Court would have to look outside the four corners of the Petition to hold that Grounds 5 and 7 relate back, Respondents maintain that the Court should not extend *Mayle* to the state orders.

Given that the Ninth Circuit is poised to provide further guidance on the standard for determining whether a document has been incorporated by reference into a habeas petition, the Court will defer a timeliness determination for Grounds 5 and 7 until the time of the merits disposition. If the en banc *Ross* decision has not been issued by that time, the Court will apply the standards in existence at the time of the merits disposition to

---

[4]Rule 10 addresses the form of pleadings, including their exhibits:

**Adoption by Reference; Exhibits.** A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. *A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.*

Fed. R. Civ. P. 10(c) (emphasis added).

[5]Cardenas represents that the rehearing en banc occurred on June 19, 2019.

determine whether the state court orders are incorporated by reference.

**C.      Stay and Abeyance**

Federal courts may stay an action while petitioner litigates unexhausted claims in the state courts. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Dixon v. Baker*, 847 F.3d 714, 718-20 (9th Cir. 2017). A petitioner must show "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

Cardenas admits that he has not exhausted Grounds 2 and 3 in Nevada courts but has filed the 2019 state petition raising these claims. In light of the 2019 state petition, there is no need to litigate the issue of a stay. Based on the documents and arguments currently before the Court, Cardenas satisfies the *Rhines* test. First, he has good cause for the failure to exhaust his *McCoy* claim because he could not have raised such a claim before the Supreme Court announced a new rule of law in its decision. Second, the extent of *McCoy*'s applicability, and the question of its retroactivity, are matters being litigated now in other cases and other courts. At this time, the Court cannot say that Cardenas's *McCoy* claim lacks any potential merit. Third, Cardenas filed his Amended Petition within a year of *McCoy*'s decision, indicating that he did not engage in intentionally dilatory litigation tactics. Although Cardenas has not requested a stay, the Court finds that a *Rhines* stay and abeyance is appropriate to allow Cardenas to exhaust his state remedies.

**IV.     CONCLUSION**

It is therefore ordered that Motion to Dismiss (ECF No. 43) is granted in part and denied as explained herein.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims in the amended petition.

It is further ordered that the grant of a stay is conditioned upon Cardenas litigating his 2019 state petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings. Cardenas or

Respondents otherwise may move to reopen the action and seek any appropriate relief under the circumstances.

It is further ordered that Respondents are not required to file an answer to the Amended Petition at this time. The Court will reset the briefing schedule as necessary upon reopening the matter.

It is further ordered that the Clerk of Court close this action until such time as the Court grants a motion to reopen the matter.

DATED THIS 13th day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE