UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOEL CARDENAS,<br><br>      Petitioner,<br><br>  v.<br><br>TIM GARRETT,[1] *et al.*,<br><br>      Respondents. | Case No. 3:15-cv-00476-MMD-CLB<br><br>ORDER |

On February 13, 2020, the Court administratively closed this action while Petitioner Joel Cardenas exhausted his unexhausted claims in state court. (ECF No. 56.) Cardenas has completed his state court proceedings and now moves to reopen the federal habeas proceedings. (ECF No. 59 ("Motion").) Respondents have not opposed or responded to the Motion and the time for a response has long expired.

It is therefore ordered that Cardenas' motion to reopen this action (ECF No. 59) is granted.

The Clerk of Court is directed to reopen the file in this action, as the stay is lifted by this order.

It is further ordered that Respondents will have 60 days to answer, or otherwise

---

[1] The state corrections department's inmate locator page indicates that Cardenas is incarcerated at the Lovelock Correctional Center. *See* https://ofdsearch.doc.nv.gov/form.php (retrieved April 2022 under identification number 1068243). The department's website reflects that Tim Garrett is the warden of that facility. *See* https://doc.nv.gov/Facilities/LCC_Facility/ (retrieved April 2022). At the end of this order, the Court directs the Clerk of Court to substitute Cardenas' current immediate physical custodian, Tim Garrett, as Respondent for the prior Respondent Dwight Neven, pursuant to, *inter alia*, Fed. R. Civ. P. 25(d).

respond to, the Amended Petition for Writ of Habeas Corpus (ECF No. 39).

It is further ordered that Cardenas will have 60 days following service of the answer to file and serve a reply brief. If any motion is filed, the parties will brief the motion in accordance with Local Rules ("LR") 7-2 and 7-3.

It is further ordered that any procedural defenses Respondents raise to the amended petition must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses including exhaustion, instead, must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that any additional state court record and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits

span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. See LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or the staff attorney, unless later directed by the Court.

The Clerk of Court is directed to substitute Tim Garrett for Respondent Dwight Neven.

DATED THIS 21st Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE