UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOEL CARDENAS,<br><br>　　　　　　　　Petitioner,<br>　　v.<br>TIM GARRETT, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:15-cv-00476-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the Court is Respondents' motion to dismiss Grounds II and III of the first amended petition as unexhausted. (ECF No. 63.)[1][2] Petitioner Joel Cardenas acknowledges that Grounds II and III are procedurally defaulted, but he argues that he can show cause and prejudice to overcome the procedural default. (ECF No. 68 at 5-10.) The Court defers determination of whether Petitioner can excuse the procedural default of Grounds II and III to the answer and reply. Respondents also filed a motion for leave to file the presentence investigation report under seal. (ECF No. 66.) For the reasons explained below, the Court grants the motion to seal and denies the motion to dismiss.

///

///

---

[1] Petitioner filed an opposition (ECF No. 68), and Respondents filed a reply (ECF No. 69).

[2] In the body of Respondents' motion, Respondents argue that Grounds 2 and 3 of Petitioner's first amended petition should be dismissed as unexhausted. (ECF No. 63 at 7-10.) In the conclusion, the motion asks the Court to dismiss Grounds I, III, and IV of Petitioner's third amended petition. (*Id.* at 11.) In Respondents' reply brief, they state that this was a typographical error, and that the conclusion should read "Grounds 2 and 3 of the first amended petition should be dismissed." (ECF No. 69 at 2.)

## II. BACKGROUND

### A. Initial State Court Proceedings

On September 5, 2007, the State of Nevada charged Petitioner with one count of sexual assault, a violation of NRS § 200.366. (ECF No. 12-1.) On March 7, 2011, an amended information still charging Petitioner with one count of sexual assault was filed. (ECF No. 12-4.) Following a trial, a jury found Petitioner guilty, and Petitioner was subsequently sentenced to a term of imprisonment of 10 years to life. (ECF No. 12-5.)

Petitioner, represented by his trial counsel, filed an appeal. (ECF No. 12-6.) The Nevada Supreme Court affirmed Petitioner's conviction. (ECF No. 12-7.) Following the Nevada Supreme Court's decision on Petitioner's direct appeal, Petitioner filed a *pro se* post-conviction petition for a writ of habeas corpus in state court. (ECF No. 12-8.) Petitioner also filed a motion for appointment of counsel, which the state district court denied. (ECF No. 46-38.) The state district court subsequently denied the *pro se* post-conviction petition. (ECF No. 12-9.)

Petitioner appealed the denial, and the Nevada Supreme Court reversed the state district court, finding that "failure to appoint post-conviction counsel prevented a meaningful litigation of the petition." (ECF No. 12-10 at 3.) On remand, the state district court appointed counsel, and Petitioner filed a counseled supplemental points and authorities in support of the post-conviction petition. (ECF No. 12-11.) The state district court again denied Petitioner's post-conviction petition. (ECF No. 12-13.) Petitioner filed an appeal, and, on January 15, 2015, the Nevada Supreme Court affirmed the state district court's denial of the supplemental petition. (ECF No. 12-15.)

### B. Initial Federal Court Proceedings

On September 17, 2015, Petitioner initiated this action by filing a *pro se* 28 U.S.C. § 2254 petition. (ECF No. 1-1.) Respondents filed a motion to dismiss various claims in the petition. (ECF No. 11.) The Court granted the motion to dismiss in part and denied the motion in part. (ECF No. 14.) Petitioner filed a renewed motion for appointment of counsel, which the Court granted. (ECF Nos. 15, 19.) On March 22, 2019, Petitioner filed

a first amended petition with assistance of counsel. (ECF No. 39.)

Respondents filed a motion to dismiss the first amended petition. (ECF No. 43.) The Court granted the motion in part and denied the motion in part. (ECF No. 56.) The Court found that Ground VI was unexhausted. (*Id.* at 5.) The Court also found that Grounds II and III were unexhausted, but the Court granted a stay and abeyance to allow Plaintiff to exhaust his state court remedies for Grounds II and III. (*Id.* at 9-10.)

### C. Subsequent State Court Proceeding

On May 10, 2019, Petitioner filed another state court petition for a writ of habeas corpus. (ECF No. 47-23.) The petition raised the following claims:

1. Trial counsel was ineffective for failing to inform Cardenas of a guilty-plea offer, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 Section 8 of the Nevada Constitution.

2. Trial counsel was ineffective for failing to move to strike a juror who admitted a personal relationship with the victim, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 Sections 3 and 8 of the Nevada Constitution.

3. Cardenas's constitutional right to secured autonomy was violated when trial counsel contradicted Cardenas's defense, and effectively conceded guilt, in opening and closing arguments, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 Sections 3 and 8 of the Nevada Constitution.

4. Trial counsel was ineffective for stipulating to the admission of the interview and test results from polygraph examinations of the victim and Cardenas, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 Section 8 of the Nevada Constitution.

5. Trial counsel was ineffective, and violated Cardenas's right to secured autonomy, for stipulating to the admission of evidence that appellant fled the jurisdiction to avoid trial, in violation of the Fifth, Sixth, and Fourteenth

      Amendments to the United States Constitution and Article 1 Sections 3 and 8 of the Nevada Constitution.

6. The trial court violated Cardenas's right to an impartial jury by denying his motion for mistrial after improper, extrinsic communications with jurors, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 Sections 3 and 8 of the Nevada Constitution.

(*Id.* at 14-44.) On December 7, 2020, the state district court dismissed the petition. (ECF No. 65-2.) The Nevada Supreme Court affirmed. (ECF No. 65-23.) That court noted that the petition was untimely and successive and found that Petitioner failed to demonstrate good cause and actual prejudice to overcome the procedural bar. (*Id.* at 2.)

### D. Reopened Federal Court Proceedings

On January 13, 2022, Petitioner moved to reopen this case, and the Court granted the motion. (ECF Nos. 59, 60.) Respondents then renewed their motion to dismiss Grounds II and III, arguing that Grounds II and III are unexhausted. (ECF No. 63.)

## III. LEGAL STANDARD

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011).

## IV. DISCUSSION

### A. The Court Defers Ruling on Ground II

#### 1. Ground II is technically exhausted.

Ground II is a claim that Petitioner received ineffective assistance of trial counsel

because his trial counsel failed to strike a juror who admitted a personal relationship with the victim. (ECF No. 39 at 17.) Petitioner acknowledges that he did not present this claim in his initial state post-conviction proceedings. (ECF No. 68 at 6.)

Petitioner brought this claim in his May 10, 2019, state court petition. (ECF No. 47-23 at 19.) The Nevada Supreme Court found that the petition was untimely under NRS § 34.726(1) and successive under NRS § 34.810. (ECF No. 65-23 at 2.) The Nevada Supreme Court went on to hold that Petitioner failed to demonstrate good cause and actual prejudice to overcome the procedural bar. (*Id.* at 2-5.) Because Nevada's procedural rules now bar the claim, Ground II is technically exhausted.

### 2. Ground II is procedurally defaulted

Because the state courts denied relief based upon state-law reasons that are adequate and independent of federal law, Ground II is procedurally defaulted. This Court cannot consider Ground II unless Petitioner can show cause and prejudice.

In federal courts, the lack of post-conviction counsel can be cause and prejudice to excuse a procedurally defaulted claim of ineffective assistance of trial counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Here, Petitioner asserts cause and prejudice. (ECF No. 68 at 6-10.) Respondents concede "this issue is better suited to evaluation upon full merits review." (ECF No. 69 at 3.) The Court agrees that this issue is better addressed upon full merits review and defers a decision on whether Petitioner can overcome the procedural default of Ground II.

### B. The Court Defers Ruling on Ground III

### 1. Ground III is technically exhausted

Ground III is a claim that trial counsel violated Petitioner's right to secured autonomy by contradicting Petitioner's defense and effectively conceding guilt in opening and closing statements. (ECF No. 39 at 19.) Petitioner did not bring this claim in his initial state post-conviction proceedings. (ECF No. 12-14 at 6.)

Petitioner brought this claim in his May 10, 2019, state court petition. (ECF No. 47-23 at 25.) The Nevada Supreme Court found that the petition was untimely under NRS §

34.726(1) and successive under NRS § 34.810. (ECF No. 65-23 at 2.) The Nevada Supreme Court went on to hold that Petitioner failed to demonstrate good cause and actual prejudice to overcome the procedural bar. (*Id.* at 2-5.) Because Nevada's procedural rules now bar the claim, Ground III is technically exhausted.

### 2. Ground III is procedurally defaulted

Because the state courts denied relief based upon state-law reasons that are adequate and independent of federal law, Ground III is procedurally defaulted. This Court cannot consider Ground III unless Petitioner can show cause and prejudice. Petitioner argues that he can show cause and prejudice because Ground III is based on a new rule of law announced in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). (ECF No. 68 at 7.)

Petitioner argues that the new rule should apply retroactively, and that he can demonstrate good cause because the rule was not available when he filed his initial state court post-conviction petition. (*Id.* at 8.) Respondents respond that "this issue is better suited to evaluation upon full merits review as there are issues as to whether *McCoy* applies retroactively to habeas cases." (ECF No. 69 at 3.) The Court accepts the argument that this issue is better addressed upon full merits review and defers a decision on whether Petitioner can overcome the procedural default of Ground III.

## V. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 63) is denied. Ground II is unexhausted but is technically exhausted because it is procedurally barred by the state courts. Ground III is unexhausted but is technically exhausted because it is procedurally barred by the state courts.

It is further ordered that the Court defers consideration of whether Petitioner can demonstrate cause and prejudice to overcome the procedural default of Grounds II and III until after the filing of an answer and reply in this action.

It is further ordered that, within 60 days of entry of this order, Respondents must file an answer addressing all claims in the amended petition on the merits, except for Ground VI, which the Court previously concluded is unexhausted. Respondents must

address Grounds II and III under a *de novo* standard of review and also address whether Grounds II and III are barred by procedural default under federal law. It is further ordered that Petitioner will have 30 days from service of the answer within which to file a reply.

It is further ordered that the Respondents' motion for leave to file the presentence investigation report under seal (ECF No. 66) is granted.

DATED THIS 22nd Day of December 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE