UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOEL CARDENAS,

                                    Petitioner,

        v.

TIM GARRETT, *et al.*,

                                    Respondents.

Case No. 3:15-cv-00476-MMD-CLB

ORDER

## I.    SUMMARY

This habeas matter is before the Court on Respondents' Unopposed Motion for Extension of Time for Compliance with Judgment in a Civil Case (ECF No. 109 ("Motion")) and Notice Regarding Satisfaction of Judgment (ECF No. 110 ("Notice of Satisfaction of Judgment")).

## II.    BACKGROUND

On July 2, 2024, the Court conditionally granted a writ of habeas corpus on Ground 2 of Petitioner Joel Cardenas's First Amended Petition for a Writ of Habeas Corpus brought under 28 U.S.C. § 2254, vacated the state judgment of conviction, and ordered Petitioner's release unless, under certain conditions, the State elects to retry Petitioner and commences jury selection within 120 days following the election. (ECF No. 93.) Judgment was entered (ECF No. 94) and the case closed.

## III.    DISCUSSION

### A.    Motion to Amend Judgment

On November 15, 2024, following appellate proceedings, Respondents filed a Notice of Intent to Retry Petitioner (ECF No. 108). The deadline to commence jury selection was March 17, 2025. On March 12, 2025, Respondents filed an Unopposed Motion for Extension of Time for Compliance with Judgment in a Civil Case (ECF No.

109). Respondents requested an extension of time to comply with the commencement of jury selection up to and including March 19, 2025, as they anticipated Cardenas would enter a guilty plea on March 17, 2025. (*Id.*)

When a court issues a writ of habeas corpus, it declares in essence that the petitioner is being held in custody in violation of his constitutional rights. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Courts employ a conditional order of release in appropriate circumstances, which orders the State to release the petitioner unless the State takes some remedial action, such as to retry the petitioner. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 89 (2005) (describing the "common practice of granting a conditional writ," that is, "ordering that a State release the prisoner or else correct the constitutional error through a new hearing"); *Herrera v. Collins*, 506 U.S. 390, 403 (1993) ("The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner, or in a capital case a similar conditional order vacating the death sentence.") "[C]onditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give states time to replace an invalid judgment with a valid one." *Wilkinson*, 544 U.S. at 87. *See also Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008).

A district court may modify its conditional writ even after the time provided in the conditional writ has lapsed. *See Harvest*, 531 F.3d at 744. "Logically, the equitable power of the district court in deciding a habeas petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency." *Id.* (citing *Gilmore v. Bertrand*, 301 F.3d 581, 582-83 (7th Cir. 2002). Such modifications are governed by the Habeas Rules and, by incorporation, the Rules of Civil Procedure, including Rule 60. *See Harvest*, 531 F.3d at 745. Under Rule 60, the court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.

1   *See* Fed. R. Civ. P. 60(b); *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

2       The Court considers the four-factor test established in *Pioneer*: (1) the danger of

3   prejudice to the nonmoving party; (2) the length of delay; (3) the reason for the delay,

4   including whether it was within reasonable control of the movant; and (4) whether the

5   moving party's conduct was in good faith. *See Pioneer Invs. Servs. Co. v. Brunswick*

6   *Assocs. Ltd.*, 507 U.S. 380, 392 (1993). In consideration of the *Pioneer* factors and

7   because Petitioner did not oppose the motion, the Court will grant Respondents' motion.

8       **B.    Notice of Satisfaction of Judgment**

9       On March 19, 2025, Respondents filed a Notice Regarding Satisfaction of

10  Judgment (ECF No. 110) requesting an order that the conditions of the writ are satisfied.

11  They attached a copy of a March 19, 2025, judgment of conviction for Fifth Judicial District

12  Court Case Number CR 5364, reflecting Cardenas entered a guilty plea to coercion with

13  force and was sentenced on March 17, 2025. (ECF No. 110-1.) The Court considers the

14  writ satisfied and there is nothing further for the Court to address in this matter.

15  **IV.    CONCLUSION**

16      It is therefore ordered that Respondents' Unopposed Motion for Extension of Time

17  for Compliance with Judgment in a Civil Case (ECF No. 109) is granted *nunc pro tunc*.

18      The Clerk of Court is further directed to amend the judgment (ECF No. 94) to

19  extend the deadline to commence jury selection to March 19, 2025, *nunc pro tunc*.

20      It is further ordered that the conditional writ of habeas corpus (ECF No. 93) is

21  satisfied.

22      The Clerk of Court is further directed to close this case.

23      DATED THIS 25th Day of March 2025.

24

25      _____

26      MIRANDA M. DU
        CHIEF UNITED STATES DISTRICT JUDGE

27

28